UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LONDON LEON HAROLD, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LARIVA, A.W., et al., ) <br> ) <br> Defendants. ) | Case No. 2:14-cv-238-JMS-MJD |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's letter filed on September 8, 2014, is understood as the plaintiff's motion to proceed *in forma pauperis*. As so understood, that motion [dkt. 6] is **granted.** The plaintiff is assessed an initial partial filing fee of Five Dollars and Fifty Cents ($5.50). He shall have **through October 8, 2014,** in which to pay this sum to the clerk of the district court.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III.

As presented the complaint fails to state a plausible claim for relief against any defendant. Much of the complaint is a listing of legal claims and conclusions devoid of the factual basis to support such claims. The complaint is also subject to dismissal to the extent that it improperly joins unique claims against different defendants. For example, the claim that the plaintiff was denied the medication Neistlen (it is unclear who is responsible for this denial) appears to be distinct from the claim that the plaintiff has been denied a handicap accessible cell and shower facilities (again it is unclear who is responsible for this denial). Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through October 8, 2014,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:  September 15, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

LONDON LEON HAROLD
#17899-171
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808